[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13206
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 95-06008-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TORRENCE ALLEN,
a.k.a. Antonio P. Allen,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Torrence Allen, who filed a 18 U.S.C. § 3582(c)(2) motion pro se but was

represented by appointed counsel during the resentencing proceedings, appeals the district court's denial of his § 3582(c)(2) motion for a reduction of his sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. Allen, who was convicted of conspiracy to possess with intent to distribute crack cocaine and was attributed 848 grams of crack cocaine, argues that he is entitled to § 3582 relief because his offense level was based on § 2D1.1, and that he was not sentenced as, or ever determined to be a career offender under § 4B1.1. He also asserts that the statutory maximum sentence for his offense was actually 240 months, and consequently, the district court at his original sentencing exceeded its authority because it sentenced him to 480 months' imprisonment.

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statements, which similarly provide, inter alia, that a sentencing reduction is not permitted where the retroactive amendment

2

"does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).III.

A defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1, such as the career offender guideline section of § 4B1.1, is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable guideline range. See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554); see also U.S.S.G. § 1B1.10, comment. (n.1(A)) (stating that a reduction under § 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"). Where the base offense levels under § 2D1.1 play no role in the calculation of the guideline range, the defendant is not entitled to § 3582 relief under Amendment 706. Moore, 541 F.3d at 1327.

In Moore, however, we did not address the applicability of Amendment 706 to a career offender who was originally sentenced based on the drug quantity guideline. In a related context, we have suggested that Amendment 706 might

apply to armed career criminals who were originally sentenced based on the drug quantity guideline, because such individuals would have been "sentenced to a 'range that has subsequently been lowered' under 18 U.S.C. § 3582(c)(2)." James, 548 F.3d at 985 n. 2. Consequently, if the offense level was based on § 2D1.1, the defendant's guideline range would be lowered, and Amendment 706 would apply. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Nevertheless, proceedings under § 3582 do not constitute a de novo resentencing. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Rather, "all original sentencing determinations remain unchanged." Id. A court applying an amendment under § 3582 "must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." Id. at 780; see also U.S.S.G. § 1B1.10(b).

Facts contained in the PSI are "undisputed and deemed to have been admitted, unless party objects to them before the sentencing court with specificity and clarity." United States v. Beckles, No. 07-15062, manu. op. at 19-20 (11th Cir. Apr. 17, 2009). Indeed, a defendant's failure to object to allegations of fact at sentencing means that the defendant admitted those facts for sentencing purposes,

4

and precludes any argument that there was error in them. Id. at 20.

Regarding his eligibility for a sentence reduction, although the record is not clear whether the court specifically found that Allen was a career offender, there is no doubt that he is a career offender. Allen failed to object to his career offender status below and conceded that his criminal history, which reveals that he had more than two prior felony convictions and therefore qualified him as a career offender, was correct. Consequently, we assume that the court at the original sentencing applied the guidelines correctly and found that he was a career offender.

Although Allen was not sentenced under the career offender provisions because his offense level under the drug quantity guidelines, in § 2D1.1, was higher than the offense level as a career offender, he nevertheless is not eligible for a sentence reduction under Amendment 706. Because all original sentencing determinations are left unchanged in a § 3582(c)(2) proceeding, the court was required to determine Allen's new base offense level under § 2D1.1, and compare that number to his career offender offense level under § 4B1.1(b). In this respect, the court did not err in determining that Amendment 706 would not have the effect of reducing his sentencing range, as this approach is consistent with the policy statement in § 1B1.10(b)(1).

To the extent that Allen seeks to challenge his original sentence based on his

argument that his statutory maximum sentence was 240 months, he may not do so in a § 3582(c)(2) proceeding. Moreover, that argument fails because the mandatory maximum sentence was life imprisonment due to his possession of over 500 grams of crack cocaine and his prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(A). Accordingly, we affirm.

**AFFIRMED**.