[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12692
Non-Argument Calendar
_____

D.C. Docket No. 0:95-cr-06008-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORRENCE ALLEN,
a.k.a. Antonio P. Allen,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 30, 2015)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Torrence Allen, through counsel, appeals the District Court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, arguing that the court erred by finding that he was ineligible for a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines because it did not specifically find that he was a career offender or assign his offense level pursuant to U.S.S.G. § 4B1.1.  He further argues that this appeal should be vacated and the case remanded with the instruction that the District Court determine whether he qualifies as a career offender in light of the Supreme Court decisions of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *Descamps v. United States*, 133 S. Ct. 2276, 186 L Ed. 2d 438 (2013).

Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).  The grounds upon which the court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  For a defendant to be eligible for such a reduction, the Sentencing Commission must have amended the guideline at issue, that amendment must have lowered the defendant's sentencing range, and the amendment must also be listed

in U.S.S.G. § 1B1.10(d).  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)).

"Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also* U.S.S.G. § 1B1.10, comment. (n.1(A)) (noting that a defendant is not eligible for reduction, even if the amendment is listed in subsection (d), if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

Amendment 782 may serve, when applicable, as the basis for a sentence reduction.  *See* U.S.S.G. § 1B1.10(d).  Effective November 1, 2014, Amendment 782 provides a two-level reduction in base offense levels for most drug quantities listed in § 2D1.1(c).  U.S.S.G. App. C, amend. 782.

Proceedings under § 3582 do not constitute a *de novo* resentencing and "all original sentencing determinations remain unchanged." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).  Section 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence.  *See id.* at 782.

3

The District Court did not err in denying Allen's § 3582 motion for a reduction of his sentence. Allen was not eligible for a reduction in sentence because Amendment 782 did not have the effect of reducing his sentence range under the Guidelines due to his status as a career offender and the operation of § 4B1.1. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)). Although Allen contends that the court never explicitly concluded that he qualified as a career offender, the presentence report, which framed the issues to be resolved at sentencing, expressly stated that Allen qualified as a career offender, and the court adopted the report's factual findings and Guidelines applications without objection. Moreover, his argument is precluded by our appellate decision that he qualified as a career offender. *See United States v. Allen*, 333 F. App'x 448, 449 (11th Cir. 2009); *see also Anderson*, 772 F.3d at 668-69. Finally, his argument based on the Supreme Court's decisions in *Johnson* and *Descamps* is not cognizable in a § 3582(c)(2) proceeding. *See Bravo*, 203 F.3d at 781.

AFFIRMED.